UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYSBEL RODRIGUEZ ROMERO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CORRECTIONAL FACILITY,<br><br>Respondent. | Case No.  1:26-cv-03327-JLT-HBK (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(Doc. 3) |

Pending before the Court is pro se Petitioner's Motion to Appoint Counsel, filed on April 30, 2026.[1]  (Doc. 3).  Petitioner, who currently is detained by Immigration and Customs Enforcement ("ICE"), has pending a petition for writ of habeas corpus filed under 28 U.S.C. § 2241, docketed on April 30, 2026, claiming he timely submitted a change in immigration status, and his detention without a bond hearing is a violation of his due process rights.  (Doc. 2 at 6-7). As relief, the Petition seeks immediate release from custody.  (*Id*. at 7).

Petitioner seeks appointment of counsel to help resolve the matter as his immigration adjustment status is "valid and in regular course," and to protect his interests because Petitioner

---

[1] Pro se Petitioner submits his request on a form used in California state courts entitled "Application for Appointment of Counsel."

and his family are facing mental, physical, and "economical problems." (Doc. 3). As a threshold matter, there is no automatic, constitutional right to counsel in federal habeas proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Anderson v. Heinze*, 258 F.2d 479, 481 (9th Cir. 1958). The Criminal Justice Act, 18 U.S.C. § 3006A, however, authorizes this court to appoint counsel for a financially eligible person who seeks relief under § 2241 when the "court determines that the interests of justice so require." *Id*. at § 3006A(a)(2)(B); see also *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). To make this assessment, courts consider a petitioner's (a) "likelihood of success on the merits" and (b) "ability ... to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Alternatively, the Rules Governing Section 2254 Cases in the United States District Courts[2] require the court to appoint counsel: (1) when the court has authorized discovery upon a showing of good cause and appointment of counsel is necessary for effective discovery; or (2) when the court has determined that an evidentiary hearing is warranted. *Id*. at Rs. 6(a) and 8(c); *see also Terrovona v. Kincheloe*, 912 F.2d 1176, 1881 (9th Cir. 1990).

As to the likelihood of success, Petitioner contests his current detention pending removal proceedings. To better ascertain the basis of Petitioner's detention and evaluate Petitioner's due process claim, the assigned district judge directed Respondent to respond to the Petition, which is not yet due. Consequently, without the benefit of response, the Court cannot find that Petitioner can show a likelihood of success of the merit. Additionally, when directing Respondent to respond to the Petition the Court directed Respondent to attach any records necessary for considering the Petition. Thus, it is not clear whether any discovery or an evidentiary hearing is necessary until the Court reviews the record.

Finally, Petitioner was able to competently file his habeas petition and the instant motion. As a result, Court finds the circumstances of this case presently do not indicate that appointed counsel is necessary to prevent due process violation.

---

[2] The Rules governing section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion. *See Id*., R. 1(b).

2

Accordingly, it is ORDERED:

Petitioner's motion for appointment of counsel (Doc. 3) is denied without prejudice.

Dated:   May 5, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3