**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AYSBEL RODRIGUEZ ROMERO (A No. 244-854-129),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | Case No. 1:26-cv-03327-JLT-HBK<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br><br>(Doc. 2) |

Aysbel Rodriguez Romero is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 2.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.     FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on December 20, 2024. He was encountered by immigration officials and released on parole. (*See* Doc. 8 at 2, 10, 16–17.) That same day, the Department of Homeland Security issued a Notice to Appear, charging Petitioner as removable under the INA § 212(a)(7)(A)(i)(I). (*Id*. at 10–13.) On December 24, 2025, Petitioner filed an application for work authorization and an application for adjustment of

status under the Cuban Adjustment Act. (*Id*. at 17.) Petitioner's immigration applications remain pending, and he is not subject to a final order of removal.[1] There is no indication in the record that Petitioner has a criminal history, or that he now poses a flight risk or danger to the community. (*See* Doc. 2; Doc. 8 at 17.) Respondents do not offer evidence or argument to the contrary. (*See* Doc. 8 at 1–8.) On March 8, 2026, Petitioner was arrested by a Florida Highway Patrol trooper for a traffic-related offense. (*Id*. at 2, 16.) While in county jail in connection with that arrest, ICE interviewed the Petitioner. (*Id*. at 16.) After Petitioner admitted being in the United States illegally, ICE arrested him. (*Id*. at 16, 19.) Respondents offer no details regarding the nature of Petitioner's traffic-related offense, and there is no indication in the record that such arrest resulted in formal criminal charges. (*Id*. at 16.)

Petitioner is detained at California City Detention Facility. (Doc. 2 at 1.) On April 30, 2026, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (*See* Doc. 2 at 6–7.) On May 26, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(1). (Doc. 8 at 2–3.)

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.   DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing

---

[1] The EOIR's website, the automated case information, indicates that Petitioner's case is pending with no order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 27, 2026).

before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (*See* Doc. 2 at 6–7.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(1) of the INA and therefore ineligible for a bond hearing. (Doc. 8 at 2–7.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. (Doc. 8.) Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## IV.   CONCLUSION AND ORDER

1.   The petition for writ of habeas corpus (Doc. 2) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2.   Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[2];

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal, and Petitioner receives notice of

3.    The Clerk of Court is directed to serve the California City Detention Facility in California City, California with a copy of this Order.

4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **May 28, 2026**

UNITED STATES DISTRICT JUDGE

---

such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.